IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY D. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-0566 |
| ) | Judge Aleta A. Trauger |
| TENNESSEE DEPARTMENT OF ) | |
| COMMERCE & INSURANCE *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Before the court are plaintiff Bobby Green's *pro se* Complaint (Doc. No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2). For good cause shown, the Application is **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint *in forma pauperis*.

Because the case proceeds *in forma pauperis*, the court must conduct an initial review of the Complaint. 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the Complaint will be dismissed without prejudice.

**I.   Standard of Review**

By law, the court must conduct an initial review of any civil complaint filed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

"governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

II. **Factual Allegations and Procedural Background**

The plaintiff names as defendants the Tennessee Department of Commerce and Insurance ("TDCI"); Division of Consumer Affairs; the Better Business Bureau; Walgreens Corp.; Mayor D. Briley; and as-yet unidentified Metro Council Members. (Doc. No. 1, at 1–2.) He alleges that the defendants are

> engaged in (a) torturous campaign to settle a score of prolonged litigation, to immure [plaintiff] to as small of an area as they can possibly create for him. Creating provocative undesirable situation after situation, and kept him—intoto isolated and stranded in a car they won't allow him (see motion) to fix—they've broke it down before, enforcing "peonage conditions on him."
>
> Trying to create a existence for him where there is few places he can conduct business with subjecting him to "thefts (A)nd (A)ssaults slanderers, etc. without any recourse whatsoever either via courts or the Metro Police Department, to have them arrested nor prosecuted.

(Doc. No. 1, at 3.)

The Complaint contains no additional factual allegations and is not accompanied by any motion other than one requesting the appointment of counsel to assist the plaintiff in marshalling facts and preventing further wrongdoing.[1] He demands unspecified injunctive and declaratory relief and a jury trial.

## III.  Discussion

The court may not take action in any case unless the plaintiff establishes the existence of the court's jurisdiction over his claims and the parties. Here, other than a parenthetical reference to the "7th Amend and 14th right," the plaintiff does not identify the basis for this court's jurisdiction. To be able to bring a complaint in this court, the plaintiff must show that the court

---

[1] The court takes judicial notice that the plaintiff filed a prior lawsuit against the Tennessee Department of Commerce and Insurance and other defendants (different from those identified in this case), alleging that those defendants were engaged in a criminal conspiracy in violation of 28 U.S.C. §§ 241 and 242 to steal his money or "to keep him in a perpetual condition of punishment." *Green v. Tenn. Dep't of Commerce & Ins.*, No. 3:18-cv-0437 (M.D. Tenn. July 6, 2018 (Doc. No. 8, Memorandum at 2). The claims were related to a long-ago traffic citation, a subsequent charge for driving on a suspended license, consequent difficulties in obtaining or maintaining car insurance, the wrongful termination of this insurance without notice and without refunding previously paid premiums, and claims against TDCI based on its ineffectiveness in assisting the plaintiff in obtaining a refund from the insurance company to which he claimed entitlement. The court dismissed the claims against TDIC based on sovereign immunity, dismissed the claims against the other defendants for failure to state a federal claim for which relief could be granted, and declined to exercise jurisdiction over any putative state law claims. *See id.* at 5–6. Although the plaintiff does not state as much, the court presumes that the claims he seeks to bring in this case are related to those he brought in the previous case.

has original federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, or supplemental jurisdiction under 28 U.S.C. § 1367(a). The Complaint plainly does not assert a claim over which the court has diversity jurisdiction. Even if the plaintiff alleged diversity of citizenship (he does not), he does not allege any particular amount in controversy, and he does not make a plausible claim for declaratory or injunctive relief.

By referencing the "7th Amend. and 14th rights," the plaintiff might have intended to invoke the United States Constitution. To vindicate a violation of his constitutional rights, a plaintiff may bring suit under 42 U.S.C. § 1983, the elements of which are (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *Wellman v. PNC Bank*, 508 F. App'x 440, 442 (6th Cir. 2012) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). The facts as quoted above, however, are not sufficiently specific to state a claim of any kind for which relief may be granted. On that basis alone, the Complaint is subject to dismissal.

Moreover, the Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). It is well settled that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity. *See generally Quern v. Jordan*, 440 U.S. 332 (1979). The State of Tennessee has not waived its immunity from suit, even for injunctive relief. *See S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); Tenn. Code Ann. § 20-13-102(a). All claims against TDCI are therefore barred by sovereign immunity.

**IV.    Conclusion**

The claims against the TDIC are **DISMISSED WITHOUT PREJUDICE** on the basis

of sovereign immunity. The claims against all other defendants are **DISMISSED WITHOUT PREJUDICE** for failure to articulate facts sufficient to state a claim for which relief may be granted. Plaintiff's Motion for Court-Appointed Counsel (Doc. No. 3) is **DENIED AS MOOT**.

This is the final Order in this action.

ALETA A. TRAUGER
United States District Judge